GARCÍA ET AL., PLAINTIFFS AND APPELLEES, *v.* FERNÁNDEZ GÓMEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action for the Annulment of a Mortgage Deed, etc.

No. 1941.—Decided January 31, 1919.

APPEAL—JURISDICTION—AMOUNT IN CONTROVERSY.—In this case, which had its origin in the Municipal Court of Caguas, the appellees moved for the dismissal of the appeal on the following grounds: (1) That, as alleged by them and found by the lower court, the value of the property affected by the mortgage whose annulment is sought by the plaintiff-appellees is less than $300, therefore this court has no jurisdiction; (2) that the defendants have not prosecuted the appeal with due diligence. *Held:* That the mortgage having been created to secure a loan of $251 plus $100 for costs in case of foreclosure and the defendant-appellant having acquired the mortgaged property for $355.65, it should be concluded that the amount involved in the action exceeds $300, and therefore that, pursuant to subdivision 2 of section 295 of the Code of Civil Procedure, this court has jurisdiction of the appeal; and, further, that dismissal of the appeal is not justified on the ground of failure to prosecute with due diligence because the appellant acted always with the consent of the lower court and filed the transcript of the record before the hearing on the motion.

The facts are stated in the opinion.
*Mr. Arturo Aponte, Jr.,* for the appellants.
*Mr. Joaquín Vendrell* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court

The appellee has moved for the dismissal of the appeal on the grounds of the amount in controversy and the negligence of the appellant in prosecuting the appeal.

This action was brought in the Municipal Court of Ca-

guas by María Polo García and others against Baldomero Fernández Gómez and others· for the annulment of a mortgage deed, and for other purposes. The judgment of the municipal court was appealed from to the district· court and after a trial *de novo* judgment was entered for the plaintiffs on August 24, 1917. Defendant Fernández filed a notice of appeal from that judgment on August 25, 1917. He moved for and was granted several extensions of time and finally, on September 30, 1918, filed a proposed statement of the case. At this stage the appellee moved for dismissal of the appeal on the grounds stated. The appellant opposed the motion and on the day of the hearing filed a transcript of the record containing thirty-two pages.

As already stated, the title of the action is for the annulment of a mortgage deed, and for other purposes. According to the trial court, the plaintiffs pleaded and proved at the trial that they and defendant Luis Polo were the owners of a property worth $295.96 and that without their consent and representing himself to be the sole owner of the property, defendant Luis Polo mortgaged the same to defendant Fernández to secure the payment of a loan of $251 plus a further sum of $100 to cover the costs in case of foreclosure. The mortgage was foreclosed and defendant Fernández purchased the property at the sale for the sum of $355.65. Fernández then instituted a possessory title proceeding and after its approval recorded his title in the registry of property. On the other hand, the plaintiffs instituted a dominion title proceeding involving the same property and that was also approved. The district court held· that the title of the plaintiffs was superior to that of the defendant Fernández. It also held that the value of the property was $295.96.

The law allows an appeal to the proper district court from any judgment of a municipal court, but only when the value of the property claimed or the amount sued for, not

including products or interest. exceeds $300 can an appeal
be taken to this court from the judgment rendered by the
district court in such cases. See sec. 295, subd. 2, Code Civ.
Proc. Comp. 1911, sec. 5338.

The appellee contends that as the value of the property
is $295.96, this court is without jurisdiction. The appellant
alleges that the action is for the annulment of a mortgage
deed and that as the amount of the mortgage is more than
$300, the jurisdiction of this court is clear. The said party
alleges also that the property brought $355.65 at the fore-
closure sale.

It follows that there are two grounds on which the ques-
tion of jurisdiction may be determined. If the appeal had
been taken by the plaintiffs the question would involve no
difficulty, for their action being at most to recover their
joint interests in a property whose value they themselves
fixed at less than $300, it is evident that they would be
estopped from claiming otherwise later. But the appellant
is Fernández, the owner of the mortgage for an amount
greater than $300· and the purchaser of the property for
a greater amount than $300. This being so, it would be
unfair to deny him the benefit of an appeal on the ground
that the amount involved is less than $300, when the docu-
ments show that he expended a greater amount in the pur-
chase of the property in controversy.

As to the negligence of the appellants in the prosecu-
tion of the appeal, while it is true that they have been un-
duly dilatory, it is also true that they always acted with
the consent of the lower court and that when the hearing
was held on the motion under consideration the transcript
of the record had already been filed in the office of the secre-
tary of this court.

In view of all the foregoing we are of the opinion that
the appeal should not be dismissed.

*Motion overruled.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.